UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No. 4:26-cv-00377-SEP |
| ) | |
| RODNEY SIPPEL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Kenneth Simpson's Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Doc. [4]. Based on the application and the financial information provided, the Court grants the application and waives the filing fee.[1] For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

---

[1] Plaintiff is currently being held at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Because Plaintiff does not appear to be a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA), he is not required to pay the statutory filing fee over time. *See Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (a civilly committed person is not a prisoner within the meaning of the PLRA).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE AMENDED COMPLAINT

Plaintiff filed the initial Complaint on March 16, 2026. Doc. [1]. After the Court ordered Plaintiff to amend his Complaint on March 25, 2026, *see* Doc. [2], Plaintiff filed the Amended Complaint on April 20, 2026, alleging claims under 42 U.S.C. § 1983 against four judges on the United States District Court for the Eastern District of Missouri (the Honorable Rodney Sippel, the Honorable Ronnie White, the Honorable Henry Autrey and the Honorable Rodney Holmes) and eight judges on the United States Court of Appeals for the Eighth Circuit (the Honorable Duane Benton, the Honorable Jane Kelly, the Honorable Steven Colloton, the Honorable Pasco Bowman, the Honorable Roger Wollman, the Honorable Lavenski Smith, the Honorable Morris Arnold and the Honorable Bobby Shepherd). Doc. [3] at 2-3. Plaintiff also apparently asserts claims against an Eighth Circuit Court of Appeals panel that reviewed his criminal appeal in *United States v. Simpson*, No. 24-2575 (8th Cir. 2025). Doc. [3] at 2-3. Those judges include the Honorable Duane Benton, the Honorable L. Steven Grasz and the Honorable Jonathan Kobes. *Id.* at 3. Plaintiff sues Defendants in their individual and official capacities.

Plaintiff alleges that he was "threatened into a plea in Case No. 4:10-cr-169 by Judge Rodney Sippel." Doc. [3] at 4. He asserts that, even though he challenged his conviction, his "claims were never addressed." *Id.* Plaintiff states that despite consistently challenging the constitutionality of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250, his arguments have not been adjudicated. *Id.* He argues that the Defendants have

2

"created implausible excuses" and failed to review the legality of his detention, which he believes to be illegal. *Id.* at 5. Plaintiff states that Defendants have also prevented him from pursuing state remedies to challenge his convictions. *Id.*

Plaintiff seeks release from federal custody as well as a minimum of $200,000 in damages per Defendant per violation. Doc. [3] at 6. He also requests punitive damages. *Id.*

## PLAINTIFF'S CRIMINAL HISTORY

Plaintiff pled guilty in 2011 to receipt of child pornography under 18 U.S.C § 2252(a)(2). *United States v. Simpson*, No. 4:10-cr-00169-RWS (E.D.Mo.). He was sentenced to 60 months in prison and a lifetime of supervised release. *Id.* Since his release, he has refused to register as a sex offender, leading to three revocations of his supervised release in 2015, 2016, and 2018. *Id.* After serving his fourth prison sentence, he absconded from supervision. *Id.* The probation office petitioned for a fourth revocation, and the District Court issued a warrant for his arrest. *Id.* Approximately three years later, he was found, arrested, and indicted for failure to register as a sex offender under 18 U.S.C § 2250(a). *See United States v. Simpson*, No. 4:23-cr-00297-HEA (E.D. Mo.). Before trial, the Honorable Ronnie L. White denied Plaintiff's pro se motion challenging the constitutionality of § 2250(a). *Id.* A jury trial was held on April 18, 2024. The jury found Plaintiff guilty of failing to register as a sex offender. On July 22, 2024, the Court sentenced him to 60 months in prison. *Id.* The Court also imposed a consecutive 10-month revocation sentence related to his earlier criminal case, followed by a life term of supervised release. *United States v. Simpson*, No. 4:10-cr-00169-RWS (E.D.Mo.). Plaintiff appealed each sentence to the Eighth Circuit Court of Appeals, and the sentences were affirmed on November 6, 2025. *United States v. Simpson,* No. 24-2575 (8th Cir. 2025).

## DISCUSSION

Plaintiff sues all 14 judges in both their official and individual capacities. But claims against federal judges in their official capacities are effectively claims against the United States government, which is entitled to sovereign immunity from suit, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), unless Congress has expressly waived the defense. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity must be express. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). There is nothing in the record to suggest the United States waived sovereign immunity

3

here.  Therefore, Plaintiff's claims against the judges in their official capacities must be dismissed, and the Court turns to Plaintiff's claims against Defendants in their individual capacities.

Although Plaintiff indicates that he is proceeding under 42 U.S.C. § 1983 for purported civil rights violations, that statute applies only to state and local officials, not to persons acting under color of federal law.  *See McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 75 n.7 (8th Cir. 1976) ("42 U.S.C. § 1983 is inapplicable to persons acting under color of federal law.").  Accordingly, the Court construes Plaintiff's Amended Complaint as stating claims against Defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Iqbal,* 556 U.S. at 675-76 (*Bivens* acts as "the 'federal analog to suits brought against state officials under [Section 1983].").

The Amended Complaint does not state a valid *Bivens* claim, as the claims presented do not describe a cause of action that the Supreme Court has previously recognized under *Bivens*, and expanding *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017) (quoting *Iqbal*, 556 U.S. at 675).  Because *Bivens* has not been extended to civil claims against federal district judges of the kind asserted here, and this Court is not at liberty to effect such an extension, Plaintiff's claims against the judges in their individual capacities are subject to dismissal.

Plaintiff's claims against the judges in their individual capacities are also barred by judicial immunity.  The doctrine of judicial immunity protects judges from lawsuits based on their judicial actions, unless such actions were "taken in the complete absence of all jurisdiction." *Hamilton v. City of Hayti, Missouri,* 948 F.3d 921, 925 (8th Cir. 2020).  ("[A] judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.").  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").  And "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019).  Because

4

Plaintiff here does not allege, and nothing indicates, that the defendant judges were acting entirely outside of their jurisdiction, they are entitled to judicial immunity.

For the foregoing reasons, Plaintiff's action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [4], is **GRANTED** and Plaintiff's filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. [7], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 10th day of August, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5